■ MICHAEL G. BUCK & SON CONSTRUCTION CORPORATION, Respondent, v PONCELL CONSTRUCTION CO., INC., et al., Appellants, et al., Defendant. [629 NYS2d 584] —Judgment unanimously affirmed with costs. Memorandum: Plaintiff, an excavation subcontractor, commenced this action against, *inter alia,* the general contractor and its bonding company, alleging breach of the payment terms of the subcontract. Those defendants appeal from a judgment awarding plaintiff the principal sum of $48,557.70 based on Supreme Court's findings that a contract had been entered into between plaintiff and the general contractor, Poncell Construction Co., Inc. (defendant), that plaintiff had substantially performed its obligations, and that defendant had unreasonably ordered plaintiff off the job and had unjustifiably withheld payment for plaintiff's work. Although defendant initially challenged those findings, defendant now concedes that there was a contract with plaintiff, but

contends that it did not breach the contract and that the court erred in computing damages.

We conclude that the evidence establishes that defendant breached the contract by wrongfully ordering plaintiff off the job at a time when plaintiff was in substantial compliance. Defendant's principal admitted that, at the time he ordered plaintiff off the job, plaintiff had completed 95% of the clearing of the site, 98% of the filling in of the area of the building, and 95% to 98% of the filling of the site as a whole.

We further conclude that the court's findings with respect to damages are supported by the evidence. The court properly awarded plaintiff the contract price for the three items substantially completed by plaintiff: $3,500 for the clearing, $40,000 for the fill, and $8,800 for the excavation and back fill, all in accord with the express terms of the contract. Additionally, the court properly allowed plaintiff to recover for two claimed items of extra work: $3,582 for excavating under the slab for the plumbing subcontractors, and $160 for excavating a manhole for the electric subcontractors. There is no support for defendant's assertion that those items were included in the original contract. In addition to those items, the court properly granted plaintiff recovery for 20%—the proportion attributable to overhead and profit margin—of the remaining contract price of $15,875, a recovery of $3,175. From the resultant figure of $59,217, the court properly set off a total of $10,659.30 paid by defendant to plaintiff's suppliers, resulting in a net award to plaintiff of $48,557.70. Defendant's claims to additional setoffs are without merit. (Appeal from Judgment of Supreme Court, Oneida County, Murad, J.—Breach of Contract.) Present—Denman, P. J., Fallon, Wesley, Doerr and Balio, JJ.