■ NORBERTO & SONS, INC., Respondent, v COUNTY OF NASSAU, DEPARTMENT OF PUBLIC WORKS, Defendant, and CLOVER CONSTRUCTION CONSULTANTS, INC., et al., Appellants. (And a Third-Party Action.) (Action No. 1.) NORBERTO & SONS, INC., Plaintiff, v RELIANCE INSURANCE COMPANY, Defendant. (And a Third-Party Action.) (Action No. 2.) [793 NYS2d 75]—

In two related actions to recover damages for breach of contract, Clover Construction Consultants, Inc., Paulette Schaum, and Paul Mannes, defendants in action No. 1, appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Davis, J.), entered June 26, 2003, as, after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $590,590.51.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

This is an action by a subcontractor, Norberto & Sons, Inc.

(hereinafter Norberto), against, among others, a general contractor, Clover Construction Consultants, Inc. (hereinafter Clover), for breach of contract. Clover was awarded a contract by the defendant County of Nassau, Department of Public Works to renovate and construct a public pool facility. Clover entered into a subcontract with Norberto, pursuant to which Norberto was to "furnish all material, labor, equipment, plant and services to construct new pools and renovate existing pools" at the facility. By letter dated November 6, 1998, Clover declared Norberto in default of the contract, precipitating this action by Norberto to recover the balance it alleged was due under the subcontract. Clover asserted counterclaims against Norberto, inter alia, to recover damages for breach of contract and liquidated damages which it alleged it was entitled to pursuant to the subcontract. Clover appeals from a judgment in favor of Norberto in the principal sum of $590,590.51.

We agree with the trial court's finding that Norberto substantially performed its obligations under the subcontract, and that Clover improperly declared Norberto in default and terminated Norberto from the job. An engineer for Nassau County testified at trial that at the time that Norberto was declared in default, 95% of the work required under the subcontract had been completed. Since Clover breached the subcontract by declaring Norberto in default, it follows that Clover is not entitled to liquidated damages.

In addition, we find that the evidence supports the trial court's findings with respect to the damages due to Norberto, based upon the total subcontract price less payments made to Norberto and credits that Clover established were owed to it for various items. H. Miller, J.P., Luciano, Rivera and Lifson, JJ., concur.