■ 845 UN LIMITED PARTNERSHIP, Respondent-Appellant, v FLOUR CITY ARCHITECTURAL METALS, INC., Appellant-Respondent. [813 NYS2d 404]—

Amended judgment, Supreme Court, New York County (Helen E. Freedman, J.), entered November 12, 2004, awarding defendant, after a jury trial, the principal sum of $222,419.61, and judgment, same court and Justice, entered May 5, 2004, awarding defendant the principal sum of $1,001,000, which judgments bring up for review an order of the same court and Justice, entered August 19, 2004, which denied defendant's motion to vacate an order, same court and Justice, entered on or about May 12, 2004, which granted plaintiff's motion to set aside the verdict to the extent that it had awarded defendant $1,425,000 in damages for extra work and reduced the award to $626,419.61, and denied defendant's cross motion to set aside the verdict to the extent that it awarded plaintiff $424,000 for breach of contract based on defendant's incomplete work, unanimously reversed, on the law, without costs, defendant's motions granted and the matter remanded for a new trial.

This construction contract dispute arises from defendant's performance in the fabrication and installation of curtainwall (large glass panels framed in aluminum and anchored in steel) for Trump Tower. Since undisputed record evidence amply demonstrates that defendant substantially completed its work, plaintiff owner was powerless to terminate the contract for defendant's alleged default, the jury should not have had the issue of defendant's "material breach" before it, and the verdict should have been vacated by the trial court (*see Norberto & Sons, Inc. v County of Nassau, Dept. of Pub. Works*, 16 AD3d 642 [2005]). Prior to plaintiff's attempted contract termination, the owner admitted, in Payment Requisition No. 29, that work had been completed by defendant valued at 99.5% of the

contract price. Also prior to the attempted termination by plaintiff, 353 out of 371 condominium units had received certificates of occupancy from the New York City Department of Buildings. Significantly, employees of plaintiff's agent, Bovis, and of plaintiff's general partner, Trump 845 UN GP LLC, testified that defendant had substantially completed its contract work before the attempted termination by plaintiff. The substantial performance rule precludes contract termination and limits a contracting party to a specific damage remedy (*see F. Garofalo Elec. Co. v New York Univ.*, 300 AD2d 186 [2002]; *Michael G. Buck & Son Constr. Corp. v Poncell Constr. Co.*, 217 AD2d 925 [1995], *lv denied* 86 NY2d 711 [1995]). Given the undisputed record evidence of substantial performance by defendant of its contractual obligations and the wrongful termination by plaintiff, we reverse and remand this matter for a new trial. Concur—Buckley, P.J., Sullivan, Williams, Gonzalez and Catterson, JJ.