■ J & R BRICK MASONARY, INC., Respondent, v RETACO HOLDING COMPANY, LLC, Defendant, and DWORKIN CONSTRUCTION CORP. (USA) et al., Appellants. [825 NYS2d 235]—

In an action to recover damages for breach of contract, the defendants Dworkin Construction Corp. (USA) and Dworkin Construction appeal (1) from an order of the Supreme Court, Kings County (M. Garson, J.), dated March 28, 2003, which denied the motion of the defendant Dworkin Construction Corp. for summary judgment dismissing the complaint insofar as asserted against it, (2) from an order of the same court (Feldman, J.) dated June 14, 2005, which denied their motion pursuant to CPLR 4404 (b) to set aside a verdict in favor of the plaintiff and against them, and (3), as limited by their brief, from so much of an amended judgment of the same court (Feldman, J.) dated August 9, 2005, as, after a nonjury trial, and upon the order denying their motion pursuant to CPLR 4404 (b) to set aside the verdict, is in favor of the plaintiff and against them in the principal sum of $48,390.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the amended judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the amended judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the amended judgment (*see* CPLR 5501 [a] [1]).

Contrary to the appellants' contentions, the Supreme Court properly found that the plaintiff substantially performed its contract for masonry work and was entitled to damages to the extent awarded (*see Norberto & Sons, Inc. v County of Nassau, Dept. of Pub. Works*, 16 AD3d 642 [2005]). For example, the only evidence that the plaintiff used ordinary beach-type sand rather than coarse masonry sand in the grout was the hearsay testimony of the appellants' president, based on engineering reports that were not produced during disclosure or at trial. Moreover, the appellants never established what effect, if any, the use of ordinary beach-type sand rather than coarse sand would have on the project. The appellants' president admitted that the plaintiff provided grout that met the minimum "2,000

p.s.i." or compressive strength requirement specified in the contract.

The appellants' remaining contentions are without merit. Adams, J.P., Ritter, Lunn and Covello, JJ., concur.