Pizzarotti, LLC v MDB Dev. Corp. (2025 NY Slip Op 05176)

Pizzarotti, LLC v MDB Dev. Corp.

2025 NY Slip Op 05176

Decided on September 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 25, 2025

Before: Scarpulla, J.P., Friedman, González, Shulman, Rosado, JJ. 

Index No. 650809/19|Appeal No. 4758|Case No. 2024-04141|

[*1]Pizzarotti, LLC, Plaintiff-Respondent,
v
MDB Development Corp., Defendant-Appellant.

Mastropietro Law Group, PLLC, New York (Nathan C. Woodard of counsel), for appellant.
Peckar & Abramson, P.C., New York (Brian D. Waller of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered June 18, 2024, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment in its favor as to liability on its counterclaim for breach of contract (first counterclaim) and dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted as to liability on the first counterclaim, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.
Defendant, a concrete subcontractor for a project on which plaintiff was the general contractor, established its entitlement to summary judgment by demonstrating that plaintiff improperly terminated the parties' subcontract on May 22, 2018. Section 11.5 of the subcontract provided that if defendant "fail[ed] in the performance of any of its obligations" under the subcontract, plaintiff was entitled to terminate the subcontract for cause if defendant failed to cure the default within five calendar days after receipt of written notice. The latest date on which plaintiff sent correspondence that could be construed as written notice of default was January 31, 2018, when plaintiff identified various items that defendant was responsible for but had not completed. However, in the nearly four months between that date and the May 22, 2018 termination notice, defendant concededly had completed substantial portions of that work. Thus, plaintiff waived its right to rely on those alleged defaults by the time it sent its termination notice (see Bast Hatfield, Inc. v Joseph R. Wunderlich, Inc., 78 AD3d 1270, 1277 [3d Dept 2010]).
Plaintiff's emails of February 27, 2018, did not qualify as default notices under the subcontract. First, none of these emails directly state that defendant is in default of an obligation under the subcontract. Moreover, although these emails identified work that defendant still needed to perform, plaintiff also stated that it had already eliminated most of the list of exposed rebar that had needed to be addressed. Finally, plaintiff does not contest that the remaining rebar work constituted punch list items consistent with defendant's substantial completion of the project, after which plaintiff could not terminate (see 845 UN Ltd. Partnership v Flour City Architectural Metals, Inc., 28 AD3d 271, 271 [1st Dept 2006]).
Likewise, plaintiff's correspondence of March 16, 2018 or April 4, 2018, both of which identified outstanding liens that defendant had needed to remove from the project, did not constitute notices of default under the subcontract. Even if the March 16 letter might have qualified, plaintiff's April 4 letter stated that plaintiff had removed the liens itself and merely stated that plaintiff would withhold payment and issue back charges for the costs plaintiff incurred in their removal. This left no outstanding lien for defendant to cure.
There was also no issue of fact as to whether defendant had abandoned the project so as to obviate the need for plaintiff to comply with the notice-and-cure provision (see East Empire Constr. Inc. v Borough Constr. Group LLC, 200 AD3d 1, 6 [1st Dept 2021]). Defendant's last site work before the termination was on February 27, 2018. However, after that date, defendant sent emails on March 21, April 6, May 9, and May 22, 2018 stating that it had "finished the remaining punch list items," had sent a memo to the engineer of record on February 28, 2018, and was "forced to hold up any remaining work" until it received confirmed direction from the engineer of record. Based on these emails, and plaintiff's admitted lack of any response, defendant could not have been said to have engaged in "clear, affirmative conduct . . . at odds with the contract" after it stopped work on February 27, 2018 (id. at 6 [internal quotation marks omitted]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 25, 2025